## Rader v. Commonwealth.

Nov. 16, 1945.

Shumate & Shumate for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The indictment of the appellant, Oscar Rader, charges that he and Mary Chaney conveyed hacksaw blades into the jail of Estill County with the unlawful and felonious intent to facilitate the escape of Franklin Covey, who was then detained in the jail on a felony charge, and did unlawfully and feloniously aid Covey to escape the jail. This is a violation of KRS 432.400 (1). Rader was convicted and sentenced to two years in the penitentiary.

The defendant's evidence was that he alone procured Mary Chaney to bring him the hacksaws to the jail where he was confined awaiting trial on a charge of assault and battery, to effect his own escape; that he alone sawed a bar to the cell and escaped; that he did nothing in behalf of Covey and left him asleep when he got out. Covey corroborated the defendant. Grant Neal, who was confined in the same cell with Rader and Covey, testified that both men had a part in procuring the Chaney woman to bring the saws to the jail, and that they had jointly sawed the bar to the cell and escaped together. There were some circumstances tending to corroborate Neal, who had made no effort to escape.

The instruction did not follow the language of the statute applied concretely to the terms of the indictment, particularly in making no reference to Covey. It authorized the conviction upon the belief from the evidence beyond a reasonable doubt that the defendant conveyed the hacksaws into the jail with the intent to facilitate the "escape of prisoners then and there confined in said jail and being detained in said jail on a conviction or charge of felony or otherwise aid any persons to escape" from the jail. This instruction obviously permitted the conviction of the defendant upon the belief of the testimony of the defendant himself that he had obtained the saws for his own escape and had used them for that purpose and none other. The first paragraph of the statute, KRS 432.400(1), relates to facilitating and aiding the escape of a prisoner charged with a felony. The

defendant Rader was not such a prisoner. He was awaiting trial on a misdemeanor. Paragraph 3 of the statute relates to aiding a prisoner charged with a misdemeanor to escape, and fixes the penalty for such an act at a fine whether the escape is effected or not. In any event, the statute does not cover one's own escape. Such an act is embraced in KRS 432.370. The erroneous instruction requires a reversal of the judgment.

Judgment reversed.